# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDSON JAMES SPENCER, JR.,** : | **CIVIL ACTION NO. 3:14-1704** |
| **Plaintiff,** : | |
| v. : | **(JUDGE MANNION)** |
| **BOROUGH OF MOOSIC, ET AL.,** : | |
| **Defendant.** : | |

### MEMORANDUM

Presently before the court is a motion for sanctions, (Doc. 66), filed by the City of Pittston (the "City" or "Pittston"), which was dismissed as a defendant in the above-captioned case pursuant to the court's September 29, 2015 order on the motion to dismiss the amended complaint, (Doc. 71). Finding no extraordinary circumstances warrant the imposition of sanctions, the motion for sanctions will be **DENIED**.

**I.     BACKGROUND**

The plaintiff initiated the instant action on August 29, 2014. (Doc. 1). This case involves a September 2012 incident in which the plaintiff was arrested after driving an All-Terrain Vehicle ("ATV") on a road near Montage Mountain. The plaintiff, Judson James Spencer, Jr., alleges that police officers used excessive force during his arrest. In addition, the plaintiff alleges that municipal defendants inadequately supervised and trained their police

officers, and that the policies and/or customs of the defendant municipalities allowed for the beating of suspects such as himself. The plaintiff brought a complaint against individual police officers as well as various municipalities pursuant to 42 U.S.C. §1983, asserting that they deprived him of his rights under the Fourth and Fourteenth Amendments.

On January 5, 2015, the plaintiff filed an amended complaint after several defendants respectively filed motions to dismiss the original complaint. (Doc. 43). On January 20, 2015, the City of Pittston submitted a motion to dismiss the amended complaint, (Doc. 48), and a supporting brief on January 20, 2015, (Doc. 49). Motions to dismiss were also filed on behalf of the other defendants, respectively. (Doc. 47, Doc. 50, Doc. 51). On March 6, 2015, the plaintiff filed corresponding briefs in opposition to each of the defendants' motions to dismiss. (Doc. 59, Doc. 60, Doc. 61, Doc. 62).

On April 22, 2015, the City brought the instant motion for sanctions. (Doc. 66). The plaintiff filed a response to the motion for sanctions on May 5, 2015. (Doc. 67). In support of its motion, the City filed a brief on May 6, 2015. (Doc. 68). The plaintiff filed a brief in opposition on May 13, 2015, in which the plaintiff, in turn, requests that the court award attorney's fees and costs in the event he prevails on the motion. (Doc. 69). On September 29, 2015, the court entered an order on the motion to dismiss the amended complaint, (Doc. 71), dismissing several defendants including the City of Pittston.

## II. DISCUSSION

The City argues that the plaintiff's cause of action against it was without merit and, as such, counsel for the plaintiff should be sanctioned pursuant to FRCP 11(b). Rule 11(b) reads, in pertinent part:

> [A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

The Third Circuit has noted that "[f]ormulating a rule broad enough to curb abusive litigation tactics and misuse of the court's process but yet not so sweeping as to hinder zealous advocacy was obviously a formidable task." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987); see also *Cvetko v. Derry Twp. Police Dep't*, 2010 WL 3338256 (M.D. Pa. Aug. 24, 2010). The Third Circuit found that Rule 11 imposes an obligation on attorneys to "Stop, Think, Investigate and Research" before filing litigation documents. Id. The court cautioned, however, that "Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is intended for only exceptional circumstances." Id. at 483 (internal quotation

3

omitted).

The City argues that the plaintiff's allegations against it lack evidentiary support. It asserts that no Pittston officer was present during the plaintiff's arrest, when the plaintiff was allegedly subjected to excessive force. According to the City, any allegations of involvement by Pittston officers are therefore implausible. On the contrary, the plaintiff contends that the pleadings have a factual basis. The plaintiff argues that Pittston officers responded to the incident and may have been present while the plaintiff was purportedly being beaten.

The court finds no extraordinary circumstances warranting the imposition of sanctions. Counsel for plaintiff has indicated that the allegations in the complaint are based on the plaintiff's recollection, (Doc. 69 at 11), and that there was a reasonable inquiry into the applicable case law when the case was filed, Id. at 9. While the City was ultimately dismissed from the case, the court must "avoid drawing on the wisdom of hindsight" and should determine the reasonableness of the actions of plaintiff's counsel at the time the documents in question were filed. *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1279 (3d Cir. 1994). The court's role in this inquiry is not to serve as fact finder on the merits of the entire case but to evaluate the circumstances as of the filing of the pleadings, and whether counsel was reasonable in filing the submissions. The court concludes that there is insufficient evidence that plaintiff's counsel acted unreasonably in including the City in this action.

The City further asserts that plaintiff's counsel should have dismissed it as a defendant after receiving all of the police reports regarding the incident, including Pittston's police report, which Pittston counsel sent to plaintiff's counsel on January 23, 2015. (Doc. 67-2, Ex. A). According to the City, these police reports support its claim that no Pittston officers were in the vicinity of the arrest. Such arguments, however, are more appropriate as part of an attack on the merits of the claims as opposed to grounds for seeking sanctions.

Finally, the plaintiff petitions the court for attorney's fees and costs related to the instant motion in the event he prevails. In the transmission of Pittston's police report, Pittston counsel warned plaintiff's counsel that if charges were not dismissed, he would file a motion for sanctions, which he eventually had done. (Doc. 67-2, Ex. A). Although the exchange between counsel indicates the imposition of a considerable amount of pressure on plaintiff's counsel to dismiss claims against the City, the court does not find that Pittston counsel filed the instant motion to harass the plaintiff or cause unnecessary delay. After conducting an investigation, Pittston counsel concluded that there was no factual support for the City's liability (the court even later agreed that the City should be dismissed as a defendant). Based on this investigation, Pittston counsel decided to pursue sanctions. While quite zealous in advocacy, Pittston counsel's actions cannot be termed unreasonable.

5

## III. CONCLUSION

Finding no grounds for sanctions on either party based on the current record, the court will deny Pittston's motion for sanctions, (Doc. 66), as well as the plaintiff's request for attorney's fees and costs, (Doc. 69).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 16, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1704-02.wpd